SYLVESTER A. STRONG, GUARDIAN OF WILLIAM E. GATES, AN INCOMPETENT PERSON, v. JOSEPH B. TOMLINSON AND GEORGE CORNETT.

[See 72 Mich. 420.]

*Mortgage foreclosure—Suit in equity.*

Where by the decree of the Supreme Court one of several mortgages is allowed to stand as a valid security for the amount which the Court find the mortgagor has been benefited, but the time for payment and the rate of interest are changed, and the mortgagee enjoined from foreclosing until he has discharged the other mortgages, which are declared void, and surrendered the accompanying notes, the only method of foreclosing the lien created by the decree is by a proceeding in chancery, in which a compliance with the terms of the decree must be alleged and proved.

Appeal from Jackson. (Loveridge, J., presiding.) Submitted on briefs October 8, 1891. Decided October 30, 1891.

Bill to set aside a mortgage foreclosure by advertisement. Defendant Tomlinson appeals. Decree affirmed, and the case remanded for further proceedings according to the opinion and practice of the court. The facts are stated in the opinion.

*Blair,¹ Wilson & Blair,* for complainant.

*Dwight D. Root,* for appellant.

GRANT, J. The bill in this case prays for the setting aside of a mortgage sale of land by advertisement, and an assignment of the same from defendant Cornett to defendant Tomlinson, and to restrain the prosecution of a suit at law. The defendants filed separate general

demurrers.   These demurrers were overruled, and defendant Tomlinson appeals.

Gates was adjudged an incompetent February 14, 1885. One Knight was appointed his guardian. Knight filed a bill in chancery against defendant Cornett to set aside mortgages, both real and personal, and notes to a large amount, which had been executed by Gates to Cornett. By the decree of this Court these notes and mortgages, save one, were declared void.   The Court found that Gates had received benefits from these notes and mortgages to the amount of $5,534.82, and allowed the mortgage for that sum to stand as a valid security for that amount.   *Gates v. Cornett*, 72 Mich. 420.   This mortgage, and the note accompanying it, were dated December 18, 1884.   The amount was payable in 10 years, at 8 per cent. per annum.   The terms of this mortgage and note were changed by that decree in several essential particulars, viz., interest was changed from 8 to 6 per cent., the time of payment was changed, and defendant enjoined from taking any proceedings to foreclose until he had discharged the mortgages declared to be void, and surrendered the notes.

Tomlinson, as assignee of the mortgage, commenced foreclosure by advertisement, and bid in the premises November 29, 1890, for $5,000, and subsequently brought suit on the note to recover the balance.   Cornett's solicitors in that case, whom he has not paid, have sued him, and garnished complainant, Strong, now the guardian of Gates.   These attorneys appeared at the sale, and protested against it for the following reasons:

"1. That there is no such mortgage of record as the said advertisement describes.

"2. That the original mortgage given to secure the sum of $5,534.82 has been the subject of litigation before the courts of this State, and has been so changed and

88 MICH—8.

modified by the decree of the Supreme Court of this State that it can only be enforced, if at all, in the court of chancery.

"3. That any attempt to foreclose said mortgage is at this time contrary to the decree of the Supreme Court, the said George Cornett not having surrendered to the said James D. Knight (guardian), complainant, the notes and mortgages in said decree mentioned.

"4. That Blair, Wilson & Blair and Conely, Maybury & Lucking have liens on the money secured to the said George Cornett by the decree of the said court, and that a sale under this advertisement is in fraud of their rights."

It is also charged that the assignment of the mortgage to Tomlinson is not *bona fide,* but colorable merely.  Such are the facts alleged in the bill, and upon which relief is asked.

The demurrer was properly overruled.  No such mortgage as defendant Tomlinson was attempting to foreclose was upon record.  There is nothing upon the face of the advertisement to show any breach of the conditions. On the contrary, it shows upon its face that the mortgage was not due.  Cornett and Tomlinson hold a lien created rather by the decree of this Court than by the mortgage itself.  Their only method of foreclosing their lien was by a proceeding in chancery, in which they must both allege and prove a compliance with the terms of that decree.  This is not a proper case for a statutory foreclosure by advertisement. *Olcott v. Crittenden,* 68 Mich. 230.

The decree is affirmed, with costs, and the case remanded to the court below for further proceedings according to this opinion and the rules and practice of the court.

The other Justices concurred.